UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN J. WHITE PLUME,<br><br>Defendant. | 5:13-CR-50118-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, John J. White Plume, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 144. Plaintiff, the United States of America, opposes the motion. Docket 149. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

White Plume is currently serving a 12 month and 1-day custody sentence for a supervised release revocation. Docket 142 at 1-2. White Plume is incarcerated at Yazoo City United States Penitentiary in Yazoo City, Mississippi. Docket 149 at 1. His anticipated release date is December 10, 2020. *Id.*; Docket 144 at 1. White Plume alleges that he tested positive for COVID-19. Docket 144 at 1. As of December 4, 2020, there are currently 19 active COVID-19 cases among the facility's inmates, 7 active COVID-19 cases among the facility's staff, 87 inmates and 12 staff have recovered from COVID-19, and there is 1 death from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited on Dec. 4, 2020). On September 4, 2020, White Plume filed a pro se motion with the court

for relief under the First Step Act. Docket 144.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Previously, only the Bureau of Prisons (BOP) Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the

defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

White Plume has not alleged or shown that he made a request for compassionate release to the warden of his facility before he filed his motion with the court. *See* Docket 144; Docket 149 at 4-5. Because exhaustion of remedies is a requirement for relief under this section and White Plume has not fulfilled that requirement, his motion is not ripe for review.

## CONCLUSION

White Plume has failed to demonstrate that he exhausted his administrative remedies. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 144) is denied without prejudice.

Dated December 4, 2020.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE